NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AFFINITY FEDERAL CREDIT UNION, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 11-2423 (ES) |
| ALLSTAR CONTRACTING, LLC and HASSAN ABDUS-SALAAM | : : : | OPINION |
| Defendants. | : : : | |

**SALAS, District Judge.**

Now pending before this Court is Plaintiff Affinity Federal Credit Union ("Plaintiff") motion to dismiss the counterclaim of Defendants Allstar Contracting LLC ("Allstar") and Hassan Abdus-Salaam ("Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant failed to file an opposition to the motion. The Court has considered Plaintiff's moving papers and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion to dismiss is granted and Defendant's counterclaim is dismissed without prejudice.

**I.   BACKGROUND**

On October 27, 2010, Plaintiff filed the instant action in the Superior Court of New Jersey Law Division. On March 3, 2011, Plaintiff was served with a Counterclaim alleging that Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Subsequently, Plaintiff properly removed this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because Defendants' counterclaim presents a federal question.

Defendants' counterclaim does not contain a statement of facts, but generally alleges that Defendants agreed to pay Plaintiff for an auto loan and that Plaintiff violated certain provisions

of the FDCPA when collecting on said loan. The loan constitutes the underlying debt in this action. (See Def.'s Answer).

## II.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d. Cir.2008) (quoting *Twombly*, 550 U.S. at 556).

## III.   ANALYSIS

Defendants' counterclaim, as a pleading that states a claim for relief, is required to include "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). A court can dismiss a claim *sua sponte* if it is insufficiently plead under Rule 8(a)(2). *See Hines v. Rimtec Corp.*, Docket No. 07-966, 2007 WL 2332193, *1 (D.N.J. Aug.13, 2007) ("However, to the extent that such a claim exists, the Court will dismiss it sua sponte because it is insufficient under Rule 8(a)(2)"); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980) (holding that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action"). Here, Defendants' counterclaim fails to include a short plain statement that Defendants are entitled to relief under the FDCPA. As such, Defendants counterclaim is dismissed without prejudice and Defendants will be given leave to amend their Complaint to reassert these claims in a more definite manner.

That being said, even assuming *arguendo* that Defendants answer complied with Rule 8, based on a reading of the facts gleaned from the individual counts of the counterclaim itself, Defendants' answer would not withstand the instant motion for two reasons. First, the FDCPA is inapplicable to the collection of commercial debts. *See Staub v. Harris*, 626 F.2d 275, 278 (3d Cir.1980); *Lyon Financial Services, Inc. v. Woodlake Imaging LLC*, 2005 WL 331695 *6 (E.D.Pa.); *Sheehan v. Mellon Bank*, 1995 WL 549018 *2 (E.D.Pa.). The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692. The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). (emphasis added). A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). By its terms then, the FDCPA applies to only consumer debt for personal, family or household purposes and <u>not to commercial debt</u>. *See Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168–69 (3d Cir.1987).

Here, Defendants' counterclaim alleges that "on or about May 3, 2007, Defendant-Counterclaimants [Allstar Contracting, LLC and Hasson Abdus-Salaam] agreed to pay Plaintiff a monthly amount for an auto loan." (Answer, Counterclaim ¶ 1). Thus, to the extent that the debt at issue is between Plaintiff and a *commercial* entity, namely Allstar Contracting, LLC, the FDCPA does not apply.

Moreover, the FDCPA's provisions generally apply only to "debt collectors." *FTC v. Check Investors, Inc.*, No. 03-2115, 2003 U .S. Dist. LEXIS 26940, at *25 (D.N.J. July 29, 2003). The FDCPA defines a debt collector, in part, as: "Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also Check Investors*, 2003 U.S. Dist. LEXIS 26940, at *30 (citing *Staub*, 626 F.2d at 277) ("The Third Circuit[ ] ... made clear that the FDCPA is directed at those persons who engage in business for the principal purpose of collecting debts.") Here, Defendants counterclaim alleges

that the underlying debt was an auto loan made by Plaintiff to Defendants. Therefore, as the facts are alleged, Plaintiff acted as both the creditor and the debt collector. "The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf." *Staub*, 626 F.2d at 277. Simply stated, as the facts are alleged, the FDCPA does not apply to Plaintiff because it is a business collecting a debt on its own behalf.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss is granted. Defendants' counterclaim for violations of §§ 1692-1692p of the FDCPA is dismissed without prejudice. Defendants have thirty (30) days in which to amend their answer to cure the pleading deficiencies addressed herein. Failure to amend within this time period will result in this action being remanded to New Jersey state court as there will no federal claims remaining. An appropriate order shall accompany this opinion.

/s/ Esther Salas_____
United States District Judge